IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. LYONS,

    Plaintiff,

vs.

COLUMBIA COUNTY SHERIFF'S ASSOCIATION, et al.,

    Defendants.

No. CIV S-09-0201 LKK EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

    This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On October 22, 2009, plaintiff was ordered to show cause why this action should not be dismissed without prejudice or transferred to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). Dckt. No. 9 at 3-4 (citing *Bennett v. Aurora Behavioral Health Care*, 2009 WL 178489 (C.D. Cal. Jan. 26, 2009) and *Smith v. U.S. Dep't of Ed.*, 2007 WL 4357546 (N.D. Cal. Dec. 11, 2007)). Plaintiff was informed that "[a] failure to timely respond to [the] order to show cause [would] result in a recommendation that this action be dismissed without prejudice." *Id.* at 4. On November 11, 2009, because the deadline to respond had passed, and plaintiff had failed to show cause or otherwise respond to the court's order, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice for failure to prosecute and for improper venue. Dckt. No.

1

10 at 2 (citing Fed. R. Civ. P. 4(m), 41(b); Local Rule 110; 28 U.S.C. § 1406(a)).

On the same date that the findings and recommendations issued, plaintiff filed a response to the order to show cause. Dckt. No. 11. Therein, plaintiff explained his failure to timely file a response to the order to show cause, and provided various reasons why this action should not be dismissed or transferred to New York. *Id.* He contends that he has been informed by many persons that his life is in "great danger" if he returns to New York; he fears greatly for his family; has not received any help from the courts or mental health departments in New York; he does not drive and will not drive again; and he lives in California and feels that he is more likely to "get better" if he stays in California. *Id.* at 4-5.

Although the court is satisfied that plaintiff's action should not be dismissed for failure to prosecute in light of plaintiff's response to the order to show cause, the fact remains that venue is improper in this district. *See* Dckt. No. 9 at 2. Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A diversity action may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Actions in which plaintiff has alleged a federal question may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Additionally, in a RICO action, venue is

proper in any district in which the defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Plaintiff's amended complaint reveals that the events giving rise to his claims occurred in the Northern District of New York, and not in the Eastern District of California. Additionally, none of the defendants appear to reside, be found, be subject to personal jurisdiction, have an agent, or transact affairs in the Eastern District of California. Nothing in plaintiff's response to the order to show cause suggests otherwise. Therefore, the undersigned will recommend that this action be transferred to the Northern District of New York for improper venue. *See Schotz v. Koch*, 2009 WL 1505676 (D. Haw. May 28, 2009) (transferring action for lack of venue at the *in forma pauperis* stage); *Doe v. Mitchell*, 2009 WL 838050 (D. Nev. Mar. 26, 2009) (dismissing action for lack of venue at the *in forma pauperis* stage); *Larson v. Ching*, 2008 WL 5054714 (D. Mont. Nov. 25, 2008) (transferring action for lack of venue at the *in forma pauperis* stage); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing action for lack of venue at the *in forma pauperis* stage).

Accordingly, IT IS HEREBY ORDERED that the November 10, 2009 findings and recommendations, Dckt. No. 10, are vacated. IT IS FURTHER RECOMMENDED that this action be transferred to the Northern District of New York.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE